IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| L.A.A.C., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-199-CDL-ALS |
| | : | 28 U.S.C. § 2241 |
| PAM BONDI, *et al.* | : | |
| | : | |
| Respondents. | : | |

## RECOMMENDATION OF DISMISSAL

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), and a Motion to Appoint Counsel[1] (Doc. 2). For the reasons explained below, Petitioner's application for habeas relief is recommended for dismissal without prejudice. Further, Petitioner's motion to appoint counsel is denied.

## BACKGROUND

Petitioner, a native and citizen of Cuba, is currently detained at Stewart Detention Center in Lumpkin, Georgia. (Doc. 1 at 4). According to the handwritten motion filed June 25, 2025, Petitioner seeks appointment of counsel and challenges his continued detention by Immigration and Customs Enforcement ("ICE"). *Id* at 2.

This is Petitioner's second habeas corpus petition filed in this Court. On May 5, 2025, Petitioner filed his first petition for writ of habeas corpus in case number 4:25-cv-147-CDL-ALS, challenging his detention following a final removal order dated January 15, 2025. *See*, *L.A.A.C. v. Bondi*, No. 4:25-cv-147-CDL-ALS (M.D. Ga. 2025).

---

[1] Although Petitioner cites to 18 U.S.C. § 3006A, that statute applies only to criminal cases. The proper statute for appointment of counsel in civil habeas corpus proceedings is 28 U.S.C. § 1915(e)(1). As Petitioner is proceeding pro se, the Court will construe his pleadings liberally and will consider the motion under the correct civil standard.

In the prior case, the undersigned issued a Report and Recommendation on May 6, 2025, recommending dismissal of the petition as premature because Petitioner had not been detained for six months following his final removal order, as required under *Zadvydas v. Davis*, 533 U.S. 678 (2001). District Judge Clay D. Land adopted the recommendation and dismissed the petition without prejudice on May 27, 2025, finding that "Petitioner filed his petition before six months expired from the date of the final removal order." *L.A.A.C.*, No. 4:25-cv-147-CDL-ALS, Doc. 5 at 1.

## DISCUSSION

### I. Motion for Appointment of Counsel

The Court should exercise its discretion to deny Petitioner's motion for appointment of counsel. Under 28 U.S.C. § 1915(e)(1), a court may "request an attorney to represent any person unable to afford counsel," but there is no constitutional right to counsel in civil habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Courts typically consider factors such as the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to present the case. Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Petitioner's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Petitioner has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Petitioner, therefore, has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Accordingly, his motion for appointment of counsel (Doc. 2), is **DENIED**.

### II. Premature Nature of Claims

2

This petition should be dismissed as premature for the same reasons articulated in the Court's prior decision in case 4:25-cv-147. Petitioner's removal order became final on February 14, 2025. As of the filing date of this petition (June 25, 2025), Petitioner still has not completed six months of post-removal detention following his final removal order.

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), detention for six months is presumptively reasonable, and a petitioner cannot state a viable claim for relief until that period has expired. *See, Vaz v. Skinner*, 634 F. App'x 778, 782 (11th Cir. 2015) (per curiam) ("The six-month period thus must have expired at the time [the] petition was filed in order to state a claim under *Zadvydas*"); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

The Court previously dismissed Petitioner's first habeas petition in case 4:25-cv-147 on May 27, 2025, finding that "Petitioner filed his petition before six months expired from the date of the final removal order." *L.A.A.C. v. Bondi*, No. 4:25-cv-147-CDL-ALS, Doc. 5 at 1 (M.D. Ga. May 27, 2025). The same legal deficiency that rendered the first petition premature continues to apply here.

Petitioner has failed to show detention in excess of six months as required by *Zadvydas*. Therefore, Petitioner's continued detention does not violate due process, and his petition should be dismissed as premature.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Petitioner's application for habeas corpus relief (Doc. 1), be **DISMISSED WITHOUT PREJUDICE**. Further, Petitioner's motion to appoint counsel (Doc. 2), is **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions

of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 26th day of June, 2025.

s/ *ALFREDA L. SHEPPARD*
UNITED STATES MAGISTRATE JUDGE