IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| L.A.A.C., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 4:25-cv-199-CDL-ALS |
| : | 28 U.S.C. § 2241 |
| PAM BONDI, *et al.* : | |
| : | |
| Respondents. : | |

### RECOMMENDATION

Pending before the Court is Petitioner's "Emergency Petition to Stop My Deportation to Mexico." (Doc. 5). As Petitioner is proceeding pro se, the court liberally construes this filing as a Motion for a Temporary Restraining Order requesting that the court "halt this attempt to remove me to Mexico or any country until I am given the minimum guarantees for my future." *Id* at 2. For the following reasons, it is **RECOMMENDED** that Petitioner's motion (Doc. 5), be **DENIED**.

The Eleventh Circuit has explained that to obtain a temporary restraining order, a movant must establish: (1) "a substantial likelihood of success on the merits; (2) [an] irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be [adverse] to the public interest." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). Generally, the first element is the most important because granting injunctive relief would be inequitable if the movant has no chance of success on the merits. *See Rodriguez v. Meade*, 2021 U.S. Dist. LEXIS 32105, at *5 (S.D. Fla. Feb. 22, 2021). Moreover, because Petitioner seeks mandatory injunctive relief—requiring the Government to refrain from removing him to Mexico—he faces a heightened burden of persuasion, and such relief " should not be issued unless the facts and law clearly favor the moving party." *Powers v. Sec'y, Fla. Dep't of Corr.*, 691 F. App'x 581, 583 (11th

Cir. 2017). A temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to all four elements." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

 Upon review, Petitioner has failed to demonstrate a substantial likelihood of success on the merits, the most critical element for injunctive relief. See *Rodriguez*, 2021 U.S. Dist. LEXIS 32105, at *5. First, Petitioner's challenge appears to be an impermissible attempt to relitigate the same detention issues previously dismissed in case 4:25-cv-147-CDL-ALS. This Court dismissed Petitioner's prior habeas petition without prejudice on May 27, 2025, finding that "Petitioner filed his petition before six months expired from the date of the final removal order." *L.A.A.C. v. Bondi*, No. 4:25-cv-147-CDL-ALS, Doc. 5 at 1 (M.D. Ga. May 27, 2025). Even now, Petitioner's six-month *Zadvydas* period following his February 14, 2025 final removal order has not yet expired, rendering any constitutional challenge to his continued detention premature. See *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Second, Petitioner has failed to articulate any cognizable legal theory supporting his claim that removal to Mexico, rather than Cuba, violates federal law.

 Without a substantial likelihood of success on any cognizable legal claim, Petitioner cannot meet the heightened burden required for mandatory injunctive relief. See *Powers*, 691 F. App'x at 583. Accordingly, the undersigned **RECOMMENDS** Petitioner's Motion (Doc. 5), be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 25th day of July, 2025.

                                                        s/ *ALFREDA L. SHEPPARD*
                                                        UNITED STATES MAGISTRATE JUDGE